UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

WAYNE DRACH,

                         Plaintiff,                    <u>AMENDED COMPLAINT</u>
                                                        13 CV 9188 (DLC)(RLE)
               - against -

THE CITY OF NEW YORK, BRENDAN DONO
and KRISTIAN SORENSEN, employees of the
New York City Police Department

                       Defendants.

                                           **Jury Trial Demanded**
-------------------------------------------------------------------x

        Wayne Drach, by his attorney, the Law Office of Matthew Flamm, alleges the following upon information and belief as his Amended Complaint:

<u>Nature of the Action</u>

        1.      This civil rights action arises from the July 23, 2013 unlawful assault upon and arrest of Wayne Drach.  Plaintiff seeks as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

<u>Jurisdiction and Venue</u>

        2.      This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367.  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

        3.      Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

<u>Parties</u>

4.     Plaintiff WAYNE DRACH ("plaintiff" or "Mr. Drach") is a resident of Bronx County in the City and State of New York.  Plaintiff is a retired New Rochelle Police Officer who, other than the incident complained of here, had never been arrested.

5.     Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.  Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6.     Defendant BRENDAN DONO was at all times relevant a duly appointed and acting employee acting within the scope of his employment by Defendant City's Police Department and assigned of the New York City Police Department's 10th Precinct in New York, New York.

7.     Defendant KRISTIAN SORENSEN was at all times relevant a duly appointed and acting employee acting within the scope of his employment by Defendant City's Police Department and assigned of the New York City Police Department's 10th Precinct in New York, New York.   On the day of the incident complained of herein, defendant Sorenson was defendant Dono's assigned partner.

8.     Defendants Dono and Sorensen (together, the "individual defendants") are liable either for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Drach was subjected despite having a reasonable opportunity to do so.  They are sued in their individual capacity.

9.     At all times relevant, the individual Defendants were acting under color of state law.

<u>Notice of Claim</u>

10.     On or about October 18, 2013, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11.     The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

12.     The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

13.     The New York City Comptroller's Office assigned the case claim number 2013PI027434.

14.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

15.     This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying
<u>Plaintiff's Claims for Relief</u>

16.     On July 23, 2013, at around 11:30 a.m., Wayne Drach was assaulted, battered, unlawfully arrested, and thereafter prosecuted on the false claim of disorderly conduct.  The charge against plaintiff was dismissed on or about October 8, 2013.

17.     On July 23, 2013, at around 11:30 a.m., plaintiff had witnessed a motor vehicle accident at Seventh Avenue and 20th Street in Manhattan.  He telephoned 911 and was speaking with an operator when he saw defendant Dono and asked whether he knew of the accident.

18.     Defendant responded with profanity, with words to the effect of "How many fucking people have to tell me about it."  Mr. Drach responded that the defendant did not have to "fucking curse at me."

19.     Dono forcibly grabbed Mr. Drach's left forearm and thrust plaintiff against the trunk of a patrol car in which defendant Sorenson was seated.

20.     Defendant then prepared a summons falsely accusing Mr. Drach of disorderly conduct.

21.     Defendant Sorenson  was present during the incident and allowed Dono to prepare the false report.

22.     At no point did the individual defendants observe plaintiff do anything constituting disorderly conduct.

23.     The misrepresentations caused plaintiff to be prosecuted on the false charge of disorderly conduct, a violation punishable by up to fifteen days in jail.

24.     Mr. Dono was released and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the false charge.

25.     On October 8, 2013, Mr. Drach appeared to defend against the false charge, and the case was dismissed and sealed.

26.     The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, and prosecution of Mr. Drach.

27.     Mr. Drach was taken from the scene by ambulance to Beth Israel Hospital, where he received treatment for the injuries caused by Dono.

28.     The individual defendants' acts and omissions caused the plaintiff to suffer loss of liberty, physical pain and suffering, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

-4-

29.     The individual defendants, at all times relevant, and in assaulting and arresting Mr. Drach, and in offering false evidence against him, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

30.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

31.     By the actions described above, the individual defendants deprived Mr. Drach of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

32.     As a consequence thereof, Wayne Drach has been injured.

SECOND CLAIM FOR RELIEF FOR FALSE ARREST

33.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

34.     By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed.  Plaintiff was aware of and did not consent to the confinement.  Plaintiff was thereby falsely arrested and imprisoned.

35.     As a consequence thereof, Wayne Drach has been injured.

THIRD CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S
RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

36.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

37.     By the actions described above, the defendant Dono deprived Mr. Drach of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

38.     As a consequence thereof, Wayne Drach has been injured.

<u>FOURTH CLAIM FOR RELIEF FOR ASSAULT</u>

39.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

40.     By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

41.     As a consequence thereof, Wayne Drach has been injured.

<u>FIFTH CLAIM FOR RELIEF FOR BATTERY</u>

42.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

43.     By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

44.     As a consequence thereof, Wayne Drach has been injured.

<u>SIXTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION</u>

45.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

46.     By the conduct described herein, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

47.     The defendants commenced or allowed the commencement of a

Criminal Court proceeding against Mr. Drach without probable cause and with actual

malice.  The prosecution terminated in Mr. Drach's favor.

48.     As a consequence thereof, Wayne Drach has been injured.

SEVENTH CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHTS UNDER THE FIRST AMENDMENT

49.     Plaintiff repeats the allegations of the foregoing paragraphs as though

fully stated herein.

50.     By the conduct described herein, defendant Dono unlawfully denied

plaintiff's right to speak freely under the First Amendment by unlawfully arresting

and using force to deter and punish the exercise of plaintiff's First Amendment rights.

The acts complained of herein were taken in retaliation for plaintiff's exercising his

First Amendment rights.

51.     As a consequence thereof, Wayne Drach has been injured.

EIGHTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

52.     Plaintiff repeats the allegations of the foregoing paragraphs as though

fully stated herein.

53.     Defendant Sorenson failed to intervene to prevent, end, or truthfully

report the unlawful conduct to which Mr. Drach was subjected, despite having a

reasonable opportunity to do so.

54.     As a consequence thereof, Wayne Drach has been injured.

NINTH CLAIM FOR RELIEF FOR NEGLIGENCE

55.     Plaintiff repeats the allegations of the foregoing paragraphs as though

fully stated herein.

56.     The acts complained of herein resulted from defendant City of New

York, through its agents, servants and employees, breaching its duty properly to

screen, assign, train, supervise, monitor, or discipline its law enforcement personnel, including assigning, training, supervising, monitoring,  or disciplining individual Police personnel who unlawfully arrest, assault, and make false allegations.

57.    The defendant City of New York's failure properly to assign, train, supervise, monitor, or discipline its Police, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional arrests, uses of force, and lodging of false allegations, and allowed the individual defendants to believe that they could with impunity abuse, arrest, and prosecute Mr. Drach.

58.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant Dono was and is potentially dangerous, as evidenced by the fact that this is the fourth lawsuit since 2007 in which this defendant has been named a defendant and that the prior suits, Guerrero v. City of New York, Dono, Et Ano, 07 CV3941, Chiu v. City of New York, Dono and Others, 09 CV 2694, Levy v. City of New York, Dono and Others,  11 CV 227, resulted in payments of over three hundred and ten thousand dollars ($310,000).

59.    Defendant City's negligence in screening, hiring, training, disciplining, monitoring, and retaining this defendant proximately caused plaintiff's injuries.

60.    As a consequence thereof, Wayne Drach has been injured.


### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered that his rights under the United States Constitution were violated, together with:

(A)    Compensatory damages in an amount to be fixed at trial;

(B)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual Defendants in an amount to be fixed at trial;

(C)    An award to plaintiff of the costs and disbursements herein;

(D)    An award of attorney's fees under 42 U.S.C. §1988; and

(E)     Such other and further relief as this Court may deem just and

proper.

Dated: March 13, 2014
        Brooklyn, New York

The Law Office of Matthew Flamm
 Attorney for Plaintiff
26 Court Street, Suite 2208
Brooklyn, New York 11242
(718) 797-3117

By: Matthew Flamm